**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Criminal No. 1:19-cr-00369(APM)** |
| **v.** | **:** | |
| | **:** | |
| **TERRELL ARMSTEAD,** | **:** | |
| | **:** | **Trial: January 6, 2020** |
| **Defendant.** | **:** | |

**JOINT SUBMISSION BY THE PARTIES REGARDING
CALCULATION OF SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Joint Submission by the Parties Regarding Calculation of Speedy Trial Act. In support thereof, the parties agree as follows:

On May 1, 2019, a Criminal Complaint was issued, charging the Defendant with two counts of Sex Trafficking, in violation of 18 U.S.C. § 1591(a)(1). One of these counts alleged that the Defendant committed this offense by causing a person who had not attained the age of 18 to engage in a commercial sex act. The other count alleged that the Defendant committed this offense against an adult female, O.S., by use of force, fraud, or coercion. The Defendant was also charged with one count of Obstruction of Enforcement of Title 18 U.S.C. § 1591. Various periods of time were excluded, such that no issue is presented as to speedy indictment.

On November 1, 2019, a Grand Jury in the District of Columbia returned an Indictment, charging the Defendant with the following: two counts of Sex Trafficking by Force, Fraud, and Coercion, in violation of Title 18 U.S.C. §§1591(a)(1),(a)(2) and (b)(1) (one count for each S.B. and O.S.); one count of Sex Trafficking of a Minor, in violation of Title 18 U.S.C. §§ 1591(a)(1),(a)(2) and (b)(2) (referring to S.B.); one count of Conspiracy to Sex Traffic a Minor,

1

in violation of Title 18 U.S.C. § 1594(c); one count of Coercion and Enticement, in violation of Title 18 U.S.C. § 2422(a); one count of Transportation, in violation of Title 18 U.S.C. § 2421(a); one count of Interstate Travel and Transportation in Aid of Racketeering, in violation of Title 18 U.S.C. § 1952(a)(3)(A); and one count of Obstruction of Enforcement of Title 18 U.S.C. Section 1591, in violation of Title 18 U.S.C. § 1591(d). The Defendant was arraigned on the Indictment on November 8, 2019.

Pursuant to 18 U.S.C. § 3161(c)(1), the trial of a defendant charged by Indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Therefore, on Counts 2, 3, and 8, the Speedy Trial "clock" starts running on November 1, 2019, the date of the Indictment, because it is the later of the date between the date of the appearance before a judicial officer of the court in which the charges were pending, and the date of the filing of the Indictment. Id.

As for Counts 1, 4, 5, 6, and 7, the Defendant did not appear in front of a judicial officer of the court in which these charges are pending until November 8, 2019. Thus, for the purposes of Counts 1, 4, 5, 6, and 7, the Speedy Trial "clock" starts running on November 8, 2019, because it is the later date between the date of the filing of the Indictment and the appearance before a judicial officer of the court in which these charges are pending. Id.

On November 14, 2019, the Government filed a Motion for Continuance and Exclusion of Time From Calculation under the Speedy Trial Act. The Government asked for the trial date to be continued between January 6, 2020 and January 28, 2020, citing the unavailability of both of the Assistant United States' Attorneys assigned to this matter. In seeking to exclude

the days between January 6, 2020 and January 28, 2020, the Government asserted that given the complexities of the case, failure to grant the continuance would unreasonably deny the Government continuity of counsel. *See* 18 U.S.C. 3161(h)(7)(B)(iv). The Court denied the Government's motion on November 19, 2019. As the filing of this motion tolled the Speedy Trial "clock", the time period between November 14 – 19, 2019 is excluded from calculation – for a total of 5 days. *See* 18 U.S.C. § 3161(h)(1)(A) (any period of delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing, or prompt disposition of, shall be excluded in computing the time within an indictment must be filed). *See also United States v. Wilson*, 835 F.2d 1440, 1443 (D.C. Cir. 1987) ("the exclusion of the time between the filing and disposition of pretrial motions . . . is automatic and need not cause actual delay of the trial"), *abrogated on other grounds by Bloate v. United States*, 559 U.S. 196 (2010).[1] This Court recently re-affirmed the automatic nature of exclusions for "the time between the filing of a motion and a hearing thereon." *United States v. Beler*, No. 19-MJ-100 (BAH), 2019

---

[1] Courts "have read the term 'pretrial motion' broadly to encompass all manner of motions ranging from informal requests for laboratory reports to 'implied' requests for a new trial date." *United States v. Barnes*, 159 F.3d 4, 11 (1st Cir.1998) (internal citations omitted). Moreover, "the filing of a pretrial motion [tolls the clock] irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011); *see also United States v. Marshall*, 669 F.3d 288, 294 n.4 (D.C. Cir. 2011) (same). In other words, tolling is "automatic" with the filing of "any pretrial motion." *Tinklenberg*, 563 U.S. at 653-54; *see also id*. at 659 ("the exclusion 'was intended to be automatic'") (quoting *Henderson v. United States*, 476 U.S. 321, 327 (1986)). "[I]t is well settled that a pretrial motion automatically tolls the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D)." *United States v. Love*, slip op., 2012 WL 4503162 at *1 (W.D.N.Y. Sept. 28, 2012); *id*. at *2 ("the weight of the authority on the issue from other federal courts has consistently held that the [Speedy Trial Act]'s exclusion for pretrial motions is to be broadly construed, and that a motion to set a trial date manifestly falls within the scope of 'any pretrial motion' for purposes of 18 U.S.C. § 3161(h)(1)(D)"). *See generally United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008) (government's filing of a motion to exclude time under the Speedy Trial Act itself tolls the clock); *United States v. Richardson*, 421 F.3d 17, 29 (1st Cir. 2005) (motion to continue trial and exclude time under Speedy Trial Act "tolled the speedy trial clock").

WL 5789747, at *11 (D.D.C. Nov. 6, 2019) (Howell, C.J.) (rejecting defense causation theory as contrary to *Tinklenberg*).

Therefore, for Counts 2, 3, and 8, 13 days have run for the purposes of the Speedy Trial Act. *Id*. With respect to Counts, 1, 4, 5, 6, and 7, only 6 days have run for the purposes of the Speedy Trial Act. Id.

That same day, November 19, 2019, counsel for Defendant filed a pretrial Motion for Release of Brady Materials. That motion is still pending before the Court, and the Government has indicated that it will file a response by December 19, 2019. Thus, the time period from November 19, 2019 until the disposition of this motion shall be excluded for the purposes of calculating the Speedy Trial "clock." *Id*.

Even once the pending pretrial Motion for Release of Brady Materials is promptly disposed of, there are other proceedings that have tolled the Speedy Trial Act. This includes counsel for defense filing a Motion to Continue the Status Hearing, on December 10, 2019. The Court promptly disposed of this motion, continuing the Status Hearing until December 13, 2019. Thus, the period between December 10, 2019 and December 13, 2019 is excluded from calculation – which totals 3 days. *See* 18 U.S.C. § 3161(h)(1)(A). Furthermore, on December 13, 2019, counsel for defense filed a Motion to Exclude Expert Testimony. On December 16, 2019, the Government filed three pretrial Motions In Limine, seeking the admission of 404(b) evidence, business records pursuant to Fed. R. Evid. 803(6) and 902(11), and electronic evidence. As such, the time period between the filing of these pretrial motions, on December 13, 2019, through the conclusion of the hearing on, or other prompt disposition of, these motions shall be excluded in computing the time within which the trial of these offenses must commence.

Thus, the parties agree that for Counts 2, 3, and 8, only 13 days have not been excluded for the purposes of the Speedy Trial Act.  With respect to Counts 1, 4, 5, 6, and 7, only 6 days have not been excluded.

Respectfully submitted,

JESSIE K. LIU
UNITED STATES ATTORNEY

_/s/_____

Kenya K. Davis, D.C. Bar 502305
(202) 252-7284, Kenya.Davis@usdoj.gov
Amy E. Larson, N.Y. Bar 4108221
(202)252-7863, Amy.Larson2@usdoj.gov
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530